UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | §   CIVIL ACTION NO. 2:19-CV-00209 |
| | § |
| JOSE A. GARZA | § |

## ORDER

Pending before the Court is the United States of America's ("Government") Motion for Entry of Default against Jose A. Garza ("Defendant"). (D.E. 6). The Court DENIES the motion due to inadequate service and DISMISSES the case without prejudice.

### I. JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345.

### II. FACTUAL & PROCEDURAL BACKGROUND

On July 30, 2019, the Government filed a complaint against the Defendant for failure to pay a student loan the Defendant allegedly received in the amount of $9,745.63. (D.E. 1). The Government requested to recover $17,784.78 which includes accumulated interest, administrative fees, and attorney's fees. *Id.*

On November 12, 2019, the Government filed a motion for substituted service requesting the Court to allow the Government to complete service by leaving a copy of the summons and complaint at the Defendant's usual place of abode or by leaving both with an individual 21 years of age or older, and by mailing the documents both by certified mail ("CM-RRR") and by regular mail. (D.E. 3). The Government stated that it unsuccessfully attempted to serve the Defendant at 590 County Road 480, Alice, TX 78322, the same address found in the certificate of indebtedness filed with the complaint. (D.E. 1; D.E. 3). The Court granted the motion. (D.E. 4).

On May 21, 2020, the Government filed an affidavit attesting to the completion of service. (D.E. 5). The affidavit included declarations from the Government's agents stating that on March 25, 2020, they mailed the summons and complaint to the Defendant's alleged place of abode, the Alice, Texas address. *Id.* The affidavit further attested that on the same day they mailed the summons, an agent also went to the Alice, Texas address and left copies of the documents at the home's entrance and doorstep. *Id.* The affidavit, however, did not include any affirmation that the Alice, Texas address was indeed the Defendant's current place of abode, and not the residence of another "Jose A. Garza." *See Id.* The CM-RRR mailed summons and complaint were also returned to the Government on April 27, 2020 marked "Return to Sender, Unclaimed, Unable to Forward." *Id.*

On June 4, 2020, the Government filed the instant motion for entry of default.

### III. DISCUSSION

#### A. Entry of Default Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, (1999). "A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014); *see also Kawall v. New Jersey*, 678 Fed. Appx. 86, 87 (3d Cir. 2017) ("Default may be properly entered only against a party who has been properly served.");

*Pumphrey v. Wood*, 628 Fed. Appx. 615, 616 (10th Cir. 2016) (defendant could not be in default because defendant had not yet been properly served).

Fed. R. Civ. P. 4(c)(1) requires that a plaintiff in a civil action serve the defendant with a summons and a copy of the complaint. "Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). To show that a plaintiff properly served a defendant, the plaintiff must provide an affidavit to the court proving effective service. Fed. R. Civ. P. 4(l)(1). Process may be made by "leaving a copy [of the summons] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed R. Civ. P. 4(e)(2)(B); *Alexander v. Reese*, 702 F. App'x 223, 229 (5th Cir. 2017).

      **B.**      **Government's Motion for Entry of Default**

Here, the Government's affidavit (D.E. 5) does not adequately show that the requirements of service were met. The affidavit does not include sworn testimony or an affirmation that the Alice, Texas address was in fact the Defendant's place of abode. *Cf.* D.E. 5, *with William Marsh Rice Univ. v. Arrowhead Research Corp.*, 2015 WL 10987080, at *3 (S.D. Tex. July 23, 2015) ("Plaintiff has however offered the affidavit of an investigator who indicates that 23644 Maple Springs Drive is [defendant's] stated address..."). Further, the affidavit states that the summons was only left at the address and was not received by the Defendant or any other recipient living in the said address who is of suitable age and discretion. *Cf.* D.E. 5, *with Pena, ex rel. De Los Santos v. Mariner Health Care Inc.*, WL 2671566, at *2 (S.D. Tex. July 1, 2010) ("[A]ttached to

each affidavit of service is a return receipt that contains a signature indicating receipt."); *Thanco Prod. & Imports, Inc. v. Kontos, No*. 2009 WL 540963, at *1 (S.D. Tex. Mar. 3, 2009) (demonstrating a list of the types of documents a court would expect in showing proper service to a cotenant of the defendant's residence). Given these deficiencies, the Court finds that the Government has failed to adequately provide service pursuant to Fed. R. Civ. P. 4(c)(1). Thus, the Court DENIES the government's motion for entry of default.

The Government must properly serve the Defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Here, the Government has failed to properly serve the defendant. As such, the Court DISMISSES the case without prejudice pursuant to Fed. R. Civ. P. 4(m).[1]

## IV. CONCLUSION

For the foregoing reasons above, the Court DENIES the Government's motion due to inadequate service and DISMISSES the case without prejudice.

SIGNED and ORDERED this 8th day of June, 2020.

Janis Graham Jack
Senior United States District Judge

---

[1] There is a possibility that there may be confusion on which individual named "Jose A. Garza" lives in the Alice, Texas address, is in debt, and should be the subject of the Government's claims. The Government's prior motion for substituted service describes an encounter between its agent and a person living in the address, with the agent being asked whether he was looking for "Jr." or "Sr." since both have lived there and have the same name. (D.E. 3, Ex. 1). Other district courts have found that inconsistencies between the defendant and the debtor's identities preclude summary judgment in favor of further fact-finding. *See United States v. Stone*, No. CIV.A. 2:08CV646-MHT, 2009 WL 497505 (M.D. Ala. Feb. 26, 2009); *United States v. Williams*, No. 04–73603, 2005 WL 1343389 (E.D. Mich. May 26, 2005). Since the facts of this case may lead to this possibility, the Court does not dismiss this case with prejudice, although it has discretion to do so. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Wilson v. Patmon*, 2009 WL 6642724, at *1 (S.D. Tex. June 22, 2009). The Court, instead, dismisses the case without prejudice pursuant to Fed. R. Civ. P. 4(m).